IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL J. AHEARN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1057-RGA |
| MS. KATTIE WALKER, CCS MEDICAL, and WILLIAM OETTEL, | : |
| Defendants. | : |

Carl J. Ahearn, Sussex Community Correctional Center, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30, 2013
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Carl J. Ahearn, an inmate at the Sussex Community Correctional Center Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(b) and § 1915A(a).

Plaintiff was cooking in the work release kitchen on May 6, 2013. Captain Melvin told Sgt. Crocker to stop Plaintiff from cooking after Defendant Kattie Walker,[1] the head nurse, provided personal medical information from Plaintiff's medical file to Sgt. Crocker, and possibly to Captain Melvin, that Plaintiff was ill. Plaintiff alleges that it is illegal to disseminate his medical information to individuals "outside of medical staff." In addition to Walker, Plaintiff named William Oettel and CCS as defendants.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

---

[1] The complaint refers to Kattie Walker as Ms. Kay. Plaintiff provided Walker's correct name to the court on June 25, 2013. (*See* D.I. 4.)

Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a

2

defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

It is clearly established that there exists a constitutional right to privacy in one's medical information while in prison. *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001). Therefore, Plaintiff will be allowed to proceed with his claim against Walker.

The Complaint, however, contains no allegations directed towards Oettel and CCS. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). It may be that Oettel is named as a defendant based upon his supervisory positions, but, as is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). In addition, in order to establish that CCS is directly liable for the alleged constitutional violations, plaintiff

3

"must provide evidence that there was a relevant [CCS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).  There is no mention of Oettel or CCS in the Complaint and no allegations are raised against them.  Indeed, the only acts alleged are those taken by Walker.

Therefore, the Court will dismiss the claims against CCS and Oettel as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  Plaintiff will be allowed to proceed against Walker.

An appropriate order will be entered.